1 Belgrove Stipulation Bankruptcy Case # 14-15416/MDC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Aaron C. Belgrove and Deborah A. Belgrove,<br>    Debtors. | CHAPTER 13<br><br>BANKRUPTCY CASE NUMBER<br>14-15416/MDC |
| Nationstar Mortgage LLC,<br>    Movant,<br>v.<br>Aaron C. Belgrove and Deborah A. Belgrove,<br>    Debtors,<br><br>William C. Miller, Trustee,<br>    Additional Respondent. | 11 U.S.C. § 362 |

### STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtors' property at 7114 Montague Street, Philadelphia, PA 19135, are $1,590.24. The breakdown of the arrears is as follows:

    Post-Payments from June 1, 2017 to July 1, 2017 at $795.12 each = $1,590.24;

3. If Debtors provide proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtors shall cure the arrearages in the following manner:

(a) Movant shall apply $122.32 from Debtor Suspense to the arrearage balance;

2 Belgrove Stipulation Bankruptcy Case # 14-15416/MDC

(b) The balance of the arrears, to-wit, $1,467.92, shall be cured by the payment by Debtors of the sum of $244.65 commencing August 1, 2017, and continuing for 6 consecutive months through and including January 1, 2018, until the arrears are cured, together with the regular monthly mortgage payment of $795.12, or as same may be adjusted from time to time in accordance with Paragraph (e) hereof, for the total monthly payment amount of $1,039.77, payable on the due date of Debtors' mortgage;

(c) If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(d) All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC, at P.O. Box 619094, Dallas, Texas 75261-9741;

(e) Debtors are responsible to pay the monthly payment as that amount may be adjusted from time to time by Movant in accordance with standard escrow practices;

(f) Debtors are responsible to reimburse Movant for its attorneys' fees and costs in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5. In the event that Debtors fail to make any of the payments set forth above, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure the default within 15 days of the notice. If Debtors should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtors consents to the Court entering an Order granting Movant relief from the Automatic Stay.

3 Belgrove Stipulation Bankruptcy Case # 14-15416/MDC

6. After Movant sends two (2) Notices of Default for Debtors' failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

7. Debtors understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtors shall be responsible for any reasonable attorney fees of $50.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

8. Debtors agree that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

Dated: 7/27/17

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 7/27/2017

David M. Offen, Esquire
Attorney for Debtors

Dated: 8/1/17

William C. Miller
Trustee       *without prejudice to any
              trustee rights or remedies

AND NOW, this _____ day of _____, 2017, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

_____
HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE